[Cite as *State v. Henry*, 2012-Ohio-371.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

State of Ohio,                                  :

      Plaintiff-Appellee,              :          Case No: 10CA20

      v.                                        :

                                                 :          DECISION AND
Ryan C. Henry,                              :          JUDGMENT ENTRY

      Defendant-Appellant.          :          Filed:  January 25, 2012

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Kristopher A. Haines, Ohio  Assistant Public Defender, Columbus, Ohio, for Appellant.

C. Jeffrey Adkins, Gallia County Prosecutor, Eric R. Mulford, Gallia County Assistant Prosecutor, and Pat Story, Gallia County Assistant Prosecutor, Gallipolis, Ohio, for Appellee.

_____

Kline, J.:

{¶1}    Ryan C. Henry (hereinafter "Henry") appeals the judgment of the Gallia County Court of Common Pleas.  After a jury trial, Henry was convicted of six crimes related to a series of break-ins and thefts.  And initially, Henry claims that insufficient evidence supports his two burglary convictions.  We agree.  As the state concedes, the prosecution failed to introduce sufficient evidence that a person other than an accomplice was present or likely to be present during the burglaries.  Accordingly, we order the trial court to modify its judgment and enter convictions for two lesser-included offenses.  Next, Henry argues that insufficient evidence supports his theft-of-a-firearm conviction.  Again, we agree.  The state failed to introduce sufficient evidence that the

stolen muzzle-loader was either operable or readily rendered operable. Accordingly, we order the trial court to modify its judgment and enter a conviction for misdemeanor petty theft. Next, Henry argues that the trial court erred when it instructed the jury on theft of a motor vehicle. We disagree. Because failing to instruct the jury on the definition of "motor vehicle" did not affect the outcome of Henry's trial, there can be no plain error. Finally, we decline to address Henry's remaining arguments because they are either moot or not ripe for review.

{¶2} Accordingly, we affirm, in part, and reverse, in part, the judgment of the trial court, and we remand this cause to the trial court for further proceedings consistent with this opinion.

I.

{¶3} Henry participated in a series of break-ins and thefts in Gallia County. After he was arrested, Henry admitted his involvement in the crimes and cooperated with the police. Later, a Gallia County Grand Jury returned a seven-count indictment against Henry. In count one, Henry was charged with stealing an All Terrain Vehicle ("ATV") from Eddie Coleman. In counts two and five, Henry was charged with knowingly trespassing with purpose to commit a felony. In counts three and seven, Henry was charged with second-degree-felony burglary under R.C. 2911.12(A)(2). In count four, Henry was charged with theft of a firearm for stealing Kevin Ross's "muzzle loader with scope." And in count six, Henry was charged with stealing an ATV from Joan Edwards. At one point, Henry had apparently reached a plea agreement with the state. But at the change-of-plea hearing, Henry decided to go to trial.

**{¶4}** During the trial, the state did not introduce specific evidence that a person other than Henry's accomplice was present or likely to be present during the two burglaries. Furthermore, the owner of the stolen muzzle-loader did not testify, and no witnesses testified as to the muzzle-loader's operability. Nevertheless, following the trial, the jury convicted Henry of counts one, two, three, four, six, and seven. The trial court then sentenced Henry accordingly.

**{¶5}** Henry appeals and asserts the following four assignments of error: I. "The trial court violated Mr. Henry's rights to due process and a fair trial when, in the absence of sufficient evidence, the trial court convicted Mr. Henry of two counts of burglary under R.C. 2911.12(A)(2), and one count of theft of a firearm, in violation of his Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution." II. "The trial court committed reversible error when it failed to properly instruct the jury regarding its deliberations, in violation of Mr. Henry's Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution." III. "The trial court abused its discretion when it imposed excessive individual prison sentences against Mr. Henry regarding each conviction, and imposed an excessive aggregate prison sentence, in violation of Mr. Henry's Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution, and Sections 9, 10 and 16, Article I of the Ohio Constitution." And, IV. "Trial counsel rendered ineffective assistance of counsel in violation of Mr. Henry's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution."

II.

**{¶6}**    In his first assignment of error, Henry raises sufficiency-of-the-evidence arguments related to his two burglary convictions (counts three and seven) and his conviction for theft of a firearm (count four).

**{¶7}**    When reviewing a case to determine if the record contains sufficient evidence to support a conviction, we must "'examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'"  *State v. Smith*, Pickaway App. No. 06CA7, 2007-Ohio-502, at ¶33, quoting *State v. Jenks* (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus.  See, also, *Jackson v. Virginia* (1979), 443 U.S. 307, 319.

**{¶8}**    The sufficiency-of-the-evidence test "raises a question of law and does not allow us to weigh the evidence."  *Smith*, 2007-Ohio-502, at ¶34, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175.  Instead, the sufficiency-of-the-evidence test "'gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'"  *Smith*, 2007-Ohio-502, at ¶34, quoting *Jackson* at 319.  This court will "reserve the issues of the weight given to the evidence and the credibility of witnesses for the trier of fact."  *Smith*, 2007-Ohio-502, at ¶34, citing *State v. Thomas* (1982), 70 Ohio St.2d 79, 79-80; *State v. DeHass* (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus.

A.

{¶9}   Initially, Henry contends that insufficient evidence supports his two burglary convictions.  Henry advances the same argument for both of these convictions -- that is, the state failed to prove that a person other than an accomplice was present or likely to be present during the burglaries.

{¶10}  Henry was convicted of two counts of burglary under R.C. 2911.12(A)(2), which provides the following: "No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]"  Here, the state has conceded that it "did not satisfactorily prove, by sufficient evidence, the 'present or likely to be present' element for [the two burglary counts]."  Brief of Appellee at 4.  For the following reasons, we agree with Henry and the state.

{¶11}  As the state admits, "there was scant testimony on" the present-or-likely-to-be-present issue.  Brief of Appellee at 3-4.  Furthermore, we note the following: "The fact that a permanent or temporary habitation has been burglarized does not give rise to the presumption that a person was present or likely to be present."  *In re D.P.*, Lucas App. No. L-10-1054, 2011-Ohio-285, at ¶11, citing *State v. Wilson* (1979), 58 Ohio St.2d 52, 59-60; *State v. Fowler* (1983), 4 Ohio St.3d 16.  "Merely showing that people dwelled in the residence is insufficient; the state must adduce specific evidence that the people were present or likely to be present at the time of the burglary."  *In re D.P.* at ¶11, citing *Fowler* at 18 (other citation omitted).  In prosecuting the two burglary counts, the state failed to adduce specific evidence on the present-or-likely-to-be-present issue.

And based on the state's evidence, there was no reasonable presumption that a person other than an accomplice was present or likely to be present. Accordingly, we find that insufficient evidence supports Henry's two burglary convictions under R.C. 2911.12(A)(2).

{¶12} For both burglary counts, however, Henry may be convicted of a lesser-included offense. "Where the evidence is insufficient to show that defendant is not guilty of the degree of crime for which he was convicted, but the evidence is sufficient to support a verdict of guilty of a lesser degree thereof or of a lesser crime included in the greater crime, the trial court may modify the verdict accordingly and pass sentence on the verdict as modified. See R.C. 2945.79(D) and Crim.R. 33[(A)(4)]. Both R.C. 2945.79(D) and Crim.R. 33[(A)(4)] provide a reviewing court with the power to modify a judgment. [See] *State v. Reed* (1981), 65 Ohio St.2d 117, [] 123. The Ohio Rules of Appellate Procedure also authorize a court of appeals to modify a judgment. See App.R. 12(B) and *State v. Hagwood*, Franklin App. No. 04AP-879, 2005-Ohio-2131, at ¶20." *State v. Frazier*, Franklin App. No. 05AP-1323, 2007-Ohio-11, at ¶28.

{¶13} Here, Henry may be convicted of the lesser-included offense of burglary under R.C. 2911.12(A)(3). "R.C. 2911.12(A)(3) defines burglary as trespassing in an occupied structure by force, stealth, or deception with the purpose to commit in the structure any criminal offense. Thus, R.C. 2911.12(A)(3) omits the one element on which the state had failed to present sufficient evidence in this case -- the presence or likely presence of someone other than an accomplice of the offender. Because burglary as defined in R.C. 2911.12(A)(2) cannot be committed without also having committed the lesser offense set forth in R.C. 2911.12(A)(3), there was sufficient evidence to

[convict Henry of burglary under R.C. 2911.12(A)(3)]." *In re Meatchem*, Hamilton App. No. C-050291, 2006-Ohio-4128, at ¶23.

{¶14}  Accordingly, we reverse Henry's two burglary convictions and remand this cause to the trial court.  On remand, we instruct the trial court to modify its judgment and enter two third-degree-felony burglary convictions under R.C. 2911.12(A)(3).  After that, the trial court should resentence Henry accordingly.

B.

{¶15}  Henry also contends that insufficient evidence supports his conviction for theft of a firearm.  Essentially, Henry argues that the state failed to adduce sufficient evidence regarding the stolen muzzle-loader's operability.  We agree.

{¶16}  Henry was convicted of theft of a firearm under R.C. 2913.02(A)(1) & (B)(4).  "'Firearm' means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant.  'Firearm' includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable."  R.C. 2923.11(B)(1); see, also, R.C. 2913.01(EE).  Significantly, "the state must present evidence beyond a reasonable doubt that the firearm was operable, or could readily have been rendered operable, at the time of the offense." *State v. Murphy* (1990), 49 Ohio St.3d 206, 208-09.  Here, we find that the state failed to present sufficient evidence regarding the muzzle-loader's operability.

{¶17}  Although the state produced evidence that Henry stole the muzzle-loader, none of that evidence related to the muzzle-loader's operability.  For example, two property receipts list a "Stainless/Blk Muzzle Loader w/Scope," and several witnesses mentioned that a "muzzle loader with a scope" was returned to Kevin Ross.  But as

Henry notes, the muzzle-loader "was not otherwise discussed at trial, and its characteristics were not discussed during the taped interviews of Mr. Henry and his codefendant brother.  * * * Mr. Ross, the muzzleloader's owner, did not testify at trial. The state brought forth no testimony regarding the muzzleloaders' operability or whether it was 'capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant.' * * * The item itself was not presented at trial for the jury's consideration.  Moreover, the State submitted no evidence regarding test-firing."  Reply Brief of Ryan Henry at 3.  Here, we agree with Henry's assessment of the evidence.  "It would have been a simple matter to either test fire the [muzzle-loader], or at least to ask [Kevin Ross] about its operability.  However, the state did neither." *Matter of Arledge* (Sept. 4, 1996), Ross App. No. 95 CA 2164.

{¶18}  The state claims that it produced sufficient evidence because the term "'muzzleloader with scope' is common parlance for a firearm within the meaning of R.C. 2923.11(B)."  Brief of Appellee at 7.  Essentially, the state argues that the jurors could have "use[d] their own common sense and daily vernacular" to find that the muzzle-loader was operable.  Brief of Appellee at 7.  But Ohio courts have rejected the notion that, without additional evidence, operability may be inferred from the name used to describe an alleged firearm.  For example, the victim of a theft used common names for firearms while testifying in *State v. Boyd* (Dec. 4, 1998), Lucas App. No. L-97-1366. The victim testified that a "gauge pump shotgun," a "12-gauge shotgun," a ".50 caliber black powder rifle," and several other guns were stolen from his home.  Id.  And despite "shotgun" and "rifle" being common names for firearms, the Sixth Appellate District found an "utter lack of evidence concerning the operability of the guns appellant

allegedly stole[.]"  Id.  See, also, *Matter of Arledge* (finding no proof of operability

despite using the name "gun"); *State v. Webb* (1991), 72 Ohio App.3d 749, 754 (finding

no proof of operability despite using the names "uzi," ".45 Colt," and "Smith & Wesson

Model 19").  Accordingly, we reject the state's argument that the jury could have

reasonably inferred operability merely from the term "muzzle loader with scope."

**{¶19}**  Finally, we recognize that proof of operability can be established by

"circumstantial evidence, including, but not limited to, the representations and actions of

the individual exercising control over the firearm."  R.C. 2923.11(B)(2).  But here, aside

from the term "muzzle loader with scope," there was no circumstantial evidence related

to the muzzle-loader's operability.

**{¶20}**  For the foregoing reasons, we find that there is insufficient evidence of the

muzzle-loader's operability.  As a result, insufficient evidence supports Henry's theft-of-

a-firearm conviction.  "However, this error does not mandate the reversal of the

conviction.  It warrants only a reduction in the degree of the offense[.]"  *State v. Reese*,

165 Ohio App.3d 21, 2005-Ohio-7075, at ¶36.  The evidence demonstrates that Henry

stole the muzzle-loader.  Henry does not dispute this fact.  But the state did not prove

that Henry stole a *firearm* as defined by the statute, and the state did not charge Henry

with theft based on the value of the stolen muzzle-loader.  Therefore, for count four,

Henry may be convicted only of petty theft.  See, generally, id. (stating that "value is not

an actual element of the crime of theft").  Accordingly, on remand, we instruct the trial

court to modify its judgment and enter a conviction for misdemeanor petty theft under

R.C. 2913.02(A)(1).  After that, the trial court should resentence Henry accordingly.

III.

{¶21} In his second assignment of error, Henry raises various issues based on the trial court's jury instructions. Initially, we can dispose of two of these issues. Henry claims that the trial court erred in both (1) its burglary instructions and (2) its theft-of-a-firearm instructions. Based on our resolution of Henry's first assignment of error, however, we find that these arguments are moot. Therefore, we decline to address them. See App.R. 12(A)(1)(c).

{¶22} In his sole remaining argument, Henry contends that the trial court erred in its theft-of-a-motor-vehicle instructions. Henry was convicted of stealing two ATVs. And on appeal, he argues that "the trial court failed to define for the jury the definition of 'motor vehicle' under Ohio law and instruct the jury that before it could return guilty verdicts, it was required to find beyond a reasonable doubt that the ATVs were, in fact, motor vehicles under Ohio law." Merit Brief of Ryan Henry at 20.

{¶23} "Generally, a trial court has broad discretion in deciding how to fashion jury instructions. A trial court must not, however, fail to 'fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder.' *State v. Comen* (1990), 50 Ohio St.3d 206, [at] paragraph two of the syllabus. Additionally, a trial court may not omit a requested instruction, if such instruction is 'a correct, pertinent statement of the law and [is] appropriate to the facts * * *.' *State v. Lessin*[,] 67 Ohio St.3d 487, 493, [1993-Ohio-52] (quoting *State v. Nelson* (1973), 36 Ohio St.2d 79, [at] paragraph one of the syllabus)." *Smith v. Redecker*, Athens App. No. 08CA33, 2010-Ohio-505, at ¶51.

{¶24} In the proceedings below, Henry neither (1) requested any motor-vehicle-related instructions nor (2) objected to the instructions given. As a result, he bears the

heavy burden of demonstrating that the trial court committed plain error.  See *State v. Judy*, Ross App. No. 08CA3013, 2008-Ohio-5551, at ¶30, citing *State v. Wamsley*, 117 Ohio St.3d 388, 2008-Ohio-1195, at ¶1.  Under Crim.R. 52(B), we may notice plain errors or defects affecting substantial rights.  "Inherent in the rule are three limits placed on reviewing courts for correcting plain error." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶15.  "'First, there must be an error, *i.e.*, a deviation from the legal rule. * * * Second, the error must be plain.  To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights.'  We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.'"  Id. at ¶16, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68 (omissions in original).  We will notice plain error "only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, at paragraph three of syllabus.  And "[r]eversal is warranted only if the outcome of the trial clearly would have been different absent the error." *State v. Hill*, 92 Ohio St.3d 191, 203, 2001-Ohio-141, citing *Long* at paragraph two of the syllabus.

{¶25}  Here, we cannot find plain error.  According to the relevant statutes, "'Motor vehicle' means any vehicle, including mobile homes and recreational vehicles, that is propelled or drawn by power other than muscular power or power collected from overhead electric trolley wires.  'Motor vehicle' does not include [a wide variety of vehicles unrelated to the present case]."  R.C. 4501.01(B); see, also, R.C. 2913.01(FF).  Under the plain language of R.C. 4501.01(B), ATVs qualify as motor vehicles.  See, e.g., *State v. Lightner*, Hardin App. No. 6-08-11, 2009-Ohio-544, at ¶28; *State v. Gray*

(Feb. 27, 1998), Montgomery App. No. 16474. Therefore, failing to instruct the jury on the definition of motor vehicle did not affect the outcome of Henry's trial, and there can be no plain error.

**{¶26}** Accordingly, we overrule the theft-of-a-motor-vehicle portion of Henry's second assignment of error.

IV.

**{¶27}** In his third assignment of error, Henry contends that the trial court erred in imposing its sentence.

**{¶28}** Here, we find that Henry's third assignment of error is not ripe for review. We have vacated three of Henry's individual sentences. And on remand, the trial court must resentence him. Therefore, we will not address Henry's sentencing arguments at this time.

V.

**{¶29}** In his fourth assignment of error, Henry contends that he received ineffective assistance of counsel. Essentially, Henry argues that his trial counsel erred in relation to the burglary and theft-of-a-firearm convictions. However, based on our resolution of Henry's first assignment of error, we find that these arguments are moot. Therefore, we decline to address them. See App.R. 12(A)(1)(c).

VI.

**{¶30}** In conclusion, we sustain Henry's first assignment of error, remand this cause to the trial court, and instruct the trial court to modify its judgment in relation to counts three, four, and seven. As to counts three and seven, the trial court should enter convictions for burglary under R.C. 2911.12(A)(3). And as to count four, the trial court

should enter a conviction for misdemeanor petty theft under R.C. 2913.02(A)(1). Then, the trial court should resentence Henry accordingly. Additionally, we (1) overrule the theft-of-a-motor-vehicle portion of Henry's second assignment of error and (2) find Henry's remaining arguments to be either moot or not ripe for review.

{¶31} As a result, we affirm, in part, and reverse, in part the judgment of the trial court, and we remand this cause to the trial court for further proceedings consistent with this opinion.

**JUDGMENT AFFIRMED, IN PART, REVERSED, IN PART,
AND CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED, IN PART, REVERSED, IN PART, and this CAUSE BE REMANDED to the trial court for further proceedings consistent with this opinion.  Appellant and Appellee shall pay equally the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and Harsha, J.:  Concur in Judgment and Opinion.

For the Court

BY:_____
        Roger L. Kline, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**