[Cite as *State v. Jackson*, 2012-Ohio-5619.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 12CA3309 |
| vs. | : | |
| GERALD F. JACKSON, JR., | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT: Chase R. Carter, 128 East Main Street, Bainbridge, Ohio 45612

COUNSEL FOR APPELLEE: Matthew S. Schmidt, Ross County Prosecuting Attorney, and Richard W. Clagg, Ross County Assistant Prosecuting Attorney, 72 North Paint Street, Chillicothe, Ohio 45601

_____

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 11-28-12
ABELE, P.J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. The trial court found Gerald F. Jackson, Jr., defendant below and appellant herein, guilty of criminal trespass, in violation of R.C. 2911.21(A)(1).

{¶ 2} Appellant assigns the following error for review:

"THE TRIAL COURT ERRED IN CONVICTING GERALD

JACKSON, JR. FOR THE OFFENSE OF CRIMINAL TRESPASS

AS THIS CONVICTION IS VIOLATIVE OF BOTH THE DOUBLE

JEOPARDY CLAUSE AND CRIMINAL RULE 33."[1]

**{¶ 3}** On January 23, 2009, the Ross County Grand Jury returned an indictment that charged appellant with burglary, in violation of R.C. 2911.12. Appellant entered a not guilty plea.

**{¶ 4}** At appellant's trial, Lisa Gildon testified that on January 10, 2009, she heard a noise and looked outside. She saw someone, later identified as the appellant, across the street on the porch of Michael Stimmer's mobile home. Gildon observed appellant look into the windows and throw a rock through one of the windows. As appellant attempted to enter the home through the broken window, Gildon called 911. Shortly thereafter, three Chillicothe police officers arrived at the premises and found appellant inside the mobile home.

**{¶ 5}** Stimmer, the mobile home resident, testified that during January 2009, he spent most of his time staying at his parents' home, rather than his mobile home. His testimony also established that (1) he had no intention of being present at the mobile home on the night of January 10, 2009, (2) he did not recall the last time he was at the mobile home, and (3) he did not know when he would return to the mobile home.

**{¶ 6}** Appellant subsequently filed a Crim.R. 29(A) motion for judgment of acquittal. He asserted that because the mobile home's resident was not present during the time of his alleged break-in and spent a considerable amount of time staying at his parents' home, the state failed to

---

[1] We observe that appellant's brief contains a section entitled "Assignment of Error" and that it lists the above error. The body of his brief then contains a section entitled "Assignment of Error 1" and another section entitled "Assignment of Error 2." The first section addresses the double jeopardy aspect of his "Assignment of Error," and the second section addresses the Crim.R. 33 aspect of his "Assignment of Error." Because appellant did not clearly designate the two issues as separate assignments of error in the "Assignment of Error" section, we have repeated only the error that appellant listed in the "Assignment of Error" section. Rather, appellant's counsel should have designated "Assignment of Error 1" and "Assignment of Error 2" as the issues that his "Assignment of Error" presents. In any event, we will consider all of the issues appellant raises in his brief.

demonstrate the "likely to be present" element of R.C. 2911.12(A)(4).[2]   The trial court overruled

appellant's motion.

{¶ 7}   After the parties finished presenting evidence, the trial court instructed the jury

regarding the offense of burglary and the lesser included offense of criminal trespass.   The court

provided the jury with the following definition of "trespass," an element of burglary: "The offense

of trespass is committed when a defendant without privilege to do so knowingly enters on or

remains on the land or premises of another."   The court instructed the jury that if it determined

that the state failed to prove all of the essential elements of burglary, it then would determine if the

state proved all of the essential elements of the lesser included offense of criminal trespass.   The

court instructed the jury:

> "Before you can find the defendant guilty of criminal trespass * * * you
> must find beyond a reasonable doubt that * * * [appellant], without privilege to do
> so did knowingly enter or remain on the premises of another."

{¶ 8}   The jury later found appellant guilty of burglary.   Appellant appealed his

conviction and argued that the trial court erroneously denied his Crim.R. 29(A) motion for

judgment of acquittal.   He asserted that the state failed to present sufficient evidence to

demonstrate that the resident of the burglarized premises was "likely to be present" at the time of

the burglary.   We agreed with appellant's argument and reversed and remanded the trial court's

judgment.   State v. Jackson, 188 Ohio App.3d 803, 2010-Ohio-1846, 937 N.E.2d 120.   We

---

[2]   At the time appellant allegedly committed the offense, R.C. 2911.12(A)(4) stated:

"No person, by force, stealth, or deception, shall * * * [t]respass in a permanent or temporary habitation of
any person when any person other than an accomplice of the offender is present or likely to be present."

The 2011 amendment redesignated this section R.C. 2911.12(B).

further suggested that the trial court, upon remand, consider whether appellant was guilty of the lesser included offense of criminal trespass.

{¶ 9}   On December 21, 2011, the trial court found appellant guilty of criminal trespass, in violation of R.C. 2911.21(A)(1).   The court subsequently sentenced him to time served.   This appeal followed.

{¶ 10}   In his sole assignment of error, appellant argues that the trial court's judgment convicting him of criminal trespass violates double jeopardy principles and Crim.R. 33.   He contends that because we determined that the state did not present sufficient evidence to demonstrate all of the essential elements of burglary, the Double Jeopardy Clause barred the trial court from convicting him of a lesser included offense upon remand.   Appellant additionally argues that the trial court could not convict him of a lesser included offense upon remand, unless appellant filed a Crim.R. 33(A)(4) new trial motion.

{¶ 11}   The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect criminal defendants against multiple prosecutions for the same offense.[3]   The principle behind the Double Jeopardy Clause "'is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for the alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.'"   State v. Roberts,

---

[3]   The Ohio Supreme Court has recognized that "'[t]he protections afforded by the two Double Jeopardy Clauses are coextensive.'"   State v. Brewer, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶14 (2009), quoting State v. Martello, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶7.

119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶11, quoting <u>Green v. United States</u>

(1957), 355 U.S. 184, 187–188, 78 S.Ct. 221, 2 L.Ed.2d 199.   Accord <u>Brewer</u> at ¶15.   As the

<u>Brewer</u> court noted:

> "'Repeated prosecutorial sallies would unfairly burden the defendant and create a risk of conviction through sheer governmental perseverance.'  <u>Tibbs v. Florida</u> (1982), 457 U.S. 31, 41, 102 S.Ct. 2211, 72 L.Ed.2d 652.   Therefore, '"[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding."'   <u>State v. Calhoun</u> (1985), 18 Ohio St.3d 373, 376, 18 OBR 429, 481 N.E.2d 624, quoting <u>Burks v. United States</u> (1978), 437 U.S. 1, 11, 98 S.Ct. 2141, 57 L.Ed.2d 1."

<u>Id.</u> at ¶15.

{¶ 12}  In <u>Burks v. United States</u>, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the court

held that when an appellate court reverses a defendant's conviction on the sole ground that the

evidence was insufficient to sustain the jury's verdict, the Double Jeopardy Clause bars a retrial on

the same charge.   <u>Id.</u> at 18.   Accord <u>Lockhart v. Nelson</u>, 488 U.S. 33, 39, 109 S.Ct. 285, 290

(1988).   The <u>Lockhart</u> court explained the rationale of <u>Burks</u> as follows:

> "<u>Burks</u> was based on the view that an appellate court's reversal for insufficiency of the evidence is in effect a determination that the government's case against the defendant was so lacking that the trial court should have entered a judgment of acquittal, rather than submitting the case to the jury.   <u>Burks</u>, 437 U.S., at 16-17, 98 S.Ct., at 2149-2150.   Because the Double Jeopardy Clause affords the defendant who obtains a judgment of acquittal at the trial level absolute immunity from further prosecution for the same offense, it ought to do the same for the defendant who obtains an appellate determination that the trial court should have entered a judgment of acquittal.   <u>Id.</u>, at 10-11, 16, 98 S.Ct., at 2146-2147, 2149. The fact that the determination of entitlement to a judgment of acquittal is made by the appellate court rather than the trial court should not, we thought, affect its double jeopardy consequences; to hold otherwise 'would create a purely arbitrary distinction' between defendants based on the hierarchical level at which the determination was made.   <u>Id.</u>, at 11, 98 S.Ct., at 2147."

<u>Lockhart</u>, 488 U.S. at 39.

{¶ 13} In the case at bar, we do not believe that the Double Jeopardy Clause prohibited the trial court from convicting appellant of a lesser included offense. Appellant's reversal and remand stemmed from our conclusion that the state failed to present sufficient evidence to support appellant's burglary conviction. Appellant's criminal trespass conviction, however, did not stem from a retrial on the same charge. Our remand did not require a new trial and did not afford the state "another opportunity to supply evidence which it failed to muster in the first proceeding." Burks, 437 U.S. at 11. Appellant did not have to undergo the "embarrassment, expense and ordeal" of a new trial. Green, 355 U.S. at 187. Furthermore, appellant was not compelled "to live in a continuing state of anxiety and insecurity." Id. The evidence necessary to convict appellant of the lesser included offense exists in the original trial record produced during his burglary trial. No new evidence needed to be presented in order to convict appellant of criminal trespass. Thus, appellant's criminal trespass conviction does not violate the Burks principle.

{¶ 14} Additionally, our reversal for insufficiency of the evidence was, in effect, a determination that the state's burglary case was so lacking that the trial court should have entered a judgment of acquittal and not submitted it to the jury. Burks, 437 U.S. at 16-17. Our reversal indicated no such thing with respect to the lesser included offense of criminal trespass. Had the trial court entered a judgment of acquittal regarding the burglary charge, the state still could have requested the court to submit the lesser included offense to the jury. As it stands, the jury was instructed regarding the lesser included offense of criminal trespass, but because it found appellant guilty of burglary, it did not explicitly consider whether he was guilty only of the lesser included

offense.[4]   Because trespass is an essential element of burglary, however, the jury necessarily found

appellant guilty of trespass when it found him guilty of burglary.   See State v. Henry, 4th Dist. No.

10CA20, 2012-Ohio-371, ¶13 (concluding that R.C. 2911.12(A)(2) burglary cannot be committed

without also committing the lesser offense set forth in R.C. 2911.12(A)(3)), citing In re Meatchem,

1st Dist. No. C-050291, 2006-Ohio-4128, ¶23; State v. Johnson, 188 Ohio App.3d 438,

2010-Ohio-, 935 N.E.2d 895, ¶22 (stating that "[t]he evidence on which the jury found [defendant]

guilty of breaking and entering would clearly establish criminal trespassing").   Under these

circumstances, we cannot state that appellant's conviction of a lesser included offense violates the

Double Jeopardy Clause.

{¶ 15}  Appellant next argues that even if his conviction does not violate double jeopardy

principles, the trial court lacked authority to convict him of a lesser included offense.   Appellant

asserts that our remand was not sufficient to vest the trial court with authority to convict him of a

lesser included offense and proposes that the court would have such authority only if he filed a new

trial motion under Crim.R. 33(A)(4).

{¶ 16}  In Rutledge v. United States, 517 U.S. 292, 305-306, 11 S.Ct. 1241, 134 L.Ed.2d

419, we note that the court expressly approved of the practice whereby an appellate court reverses a

conviction on grounds affecting only the greater offense and directs the entry of judgment for a

lesser included offense.   The Rutledge court endorsed the approach that the court adopted in

Allison v. United States, 409 F.2d 445 (C.A.D.C. 1969).   Rutledge, 517 U.S. at 305, fn.15, and

306.   In Allison, the court set forth the circumstances that must exist in order to justify an

---

[4] Appellant does not dispute that criminal trespass is a lesser included offense of burglary.

appellate court's direction to the trial court to convict a defendant of a lesser included offense: "It must be clear (1) that the evidence adduced at trial fails to support one or more elements of the crime of which appellant was convicted, (2) that such evidence sufficiently sustains all the elements of another offense, (3) that the latter is a lesser included offense of the former, and (4) that no undue prejudice will result to the accused."   Id. at 450-451, quoted in Rutledge, 517 U.S. 305 fn.15.   Accord State v. Butler, 11 Ohio St.2d 23, 36, 227 N.E.2d 627 (1967) (stating that a court may modify a verdict "if the evidence shows that the defendant is not guilty of the degree of the crime for which he was convicted, but is guilty of a lesser included offense").   Noticeably absent is any requirement that the accused file a new trial motion on remand.

{¶ 17}  In the case sub judice, we believe that all four circumstances exist: (1) we determined that the evidence adduced at appellant's trial failed to support an essential element of his burglary conviction; (2) the burglary conviction necessarily entailed a finding that appellant committed criminal trespass and the evidence the state presented at trial sufficiently demonstrates that appellant committed criminal trespass; (3) criminal trespass is a lesser included offense of burglary; and (4) appellant has not established how he is unduly prejudiced.   We certainly recognize that appellant's conviction of a lesser included offense obviously causes him some prejudice (in the sense that but for our remand, he would not be convicted of any offense), but appellant has not demonstrated how this prejudice is undue.

{¶ 18}  Moreover, we observe that both R.C. 2945.79(D) and Crim.R. 33(A)(4) authorize a trial court to modify a verdict to convict a defendant of a lesser included offense when the evidence is not sufficient to demonstrate that the defendant is guilty of the greater offense for which he was convicted.   R.C. 2945.79(D) states:

A new trial, after a verdict of conviction, may be granted on the application of the defendant for any of the following causes affecting materially his substantial rights:

\* \* \* \*

(D) That the verdict is not sustained by sufficient evidence or is contrary to law; but if the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and pass sentence on such verdict or finding as modified, provided that this power extends to any court to which the cause may be taken on appeal;

Crim.R. 33(A)(4) states:

A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(4) That the verdict is not sustained by sufficient evidence or is contrary to law.   If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;

**{¶ 19}** While both rules purport to require the defendant to request a new trial before a court may modify a verdict, neither states that it is the exclusive means by which a trial court may modify a verdict.   Moreover, R.C. 2945.79(D) extends the power to modify a verdict "to any court to which the cause may be taken on appeal," which would include this court.   Thus, instead of remanding to the trial court, we could have modified the court's verdict to reflect that appellant was not guilty of burglary but guilty of criminal trespass.   Accord R.C. 2953.07 ("Upon the hearing of an appeal \* \* \* the appellate court may affirm the judgment or reverse it, in whole or in part, or modify it, and order the accused to be discharged or grant a new trial."); App.R. 12(A)(1)(a) (stating that upon appeal, a reviewing court must "review and affirm, modify, or reverse the judgment").   Instead, we delegated this power to the trial court.   Appellant has failed

to present any authority that specifically prohibits such a practice.   In fact, such practice appears routine.   E.g., State v. Gilliam, 2nd Dist. No. 09CA0075, 2012-Ohio-834, ¶¶26-29; Henry, supra; State v. Frazier, 10th Dist. No. 05AP-1323, 2007-Ohio-11, ¶28; In re York, 142 Ohio App.3d 524, 532, 756 N.E.2d 191 (2001).   Furthermore, as we observed earlier, the United States Supreme Court has explicitly endorsed this approach.   Consequently, we disagree with appellant's assertion that he was required to file a Crim.R. 33(A)(4) new trial motion before the trial court possessed authority to convict him of a lesser included offense.

{¶ 20}   Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

<u>JUDGMENT ENTRY</u>


It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules

of Appellate Procedure.

       Harsha, J.: Concurs in Judgment & Opinion
       Kline, J.: Concurs in Judgment Only

                                                 For the Court

                                     BY:_____
                              Peter B. Abele
                              Presiding Judge

### NOTICE TO COUNSEL

     Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.

Topics and Issues