[Cite as *State v. Ihinger*, 2019-Ohio-1881.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| TIMOTHY J. IHINGER | : | Case No. CT2018-0040 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:               Appeal from the Court of Common
                                       Pleas, Case No. CR2017-0267




JUDGMENT:                              Reversed and Remanded




DATE OF JUDGMENT:                      May 13, 2019




APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

TAYLOR P. BENNINGTON                   MARLEY C. NELSON
27 North Fifth Street                  250 East Broad Street
P.O. Box 189                           Suite 1400
Zanesville, OH  43702                  Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Timothy J. Ihinger, appeals his December 5, 2017 convictions in the Court of Common Pleas of Muskingum County, Ohio, for theft of a firearm.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 2, 2017, the Muskingum County Grand Jury indicted appellant on one count of burglary with a firearm specification in violation of R.C. 2911.12 and 2941.141, and four counts of theft of a firearm in violation of R.C. 2913.02.  Said charges arose from the theft of firearms from the home of Gregory Smith.

{¶ 3}   A jury trial commenced on October 30, 2017.  At the close of the state's case, appellant made a motion for acquittal under Crim.R. 29.  The trial court denied the motion.  The jury found appellant guilty as charged.  However, the jury's finding on the firearm specification did not conform to the verdict form instructions; therefore, the trial court was unable to find appellant guilty of the specification.  By entry filed December 5, 2017, the trial court sentenced appellant to two years on the burglary conviction and nine months on each of the four theft convictions, to be served consecutively for an aggregate term of five years in prison.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5}   "THE TRIAL COURT ERRED IN DENYING TIMOTHY IHINGER'S CRIM.R. 29 MOTION FOR JUDGMENT OF ACQUITTAL AND VIOLATED HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IN THE ABSENCE OF SUFFICIENT EVIDENCE,

IT ALLOWED THE JURY TO DELIBERATE ON THE THEFT OF FIREARMS CHARGES."

I

{¶ 6}   In his sole assignment of error, appellant claims the trial court erred in denying his Crim.R. 29 motion for judgment of acquittal because sufficient evidence was not presented to prove the stolen firearms were "firearms" as defined in R.C. 2923.1(B)(1).   We disagree that the trial court erred in denying the motion, but find insufficient evidence to elevate the theft offenses to felonies of the third degree.

{¶ 7}   Appellant is not contesting the fact that thefts of firearms occurred and he was involved in said thefts.   What he is contesting is the fact that appellee "produced absolutely no evidence that the stolen items were firearms as defined in R.C. 2923.11(B)(1)."   Appellant's Brief at 9.   Because the substance of appellant's argument has to do with insufficient evidence to prove the statutory definition of "firearms," we will review this assignment of error under a sufficiency of the evidence standard.

{¶ 8}   On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).   "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."   *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 9}   Appellant was convicted of four counts of theft of a firearm in violation of R.C. 2913.02(A)(1) which states: "No person, with purpose to deprive the owner of

property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: Without the consent of the owner or person authorized to give consent."  A violation of this section is petty theft, a misdemeanor of the first degree.  R.C. 2913.02(B)(2).  However, subsection (B)(4) elevates the crime of theft to a felony of the third degree when the stolen property is a firearm:

> If the property stolen is a firearm or dangerous ordnance, a violation of this section is grand theft.  Except as otherwise provided in this division, grand theft when the property stolen is a firearm or dangerous ordnance is a felony of the third degree, and there is a presumption in favor of the court imposing a prison term for the offense. * * * The offender shall serve a prison term imposed for grand theft when the property stolen is a firearm or dangerous ordnance consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

{¶ 10} Pursuant to R.C. 2913.01(EE), the definition of a "firearm" for R.C. Chapter 2913. offenses has the same meaning as in R.C. 2923.11.  R.C. 2923.11(B) defines a firearm as follows:

> (B)(1) "Firearm" means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant.  "Firearm" includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable.

(2) When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm.

{¶ 11} During the trial, Gene Smith, the victim's brother, testified to witnessing an individual exit the victim's home "with an armload of guns and a case - - in cases and put them in the vehicle." T. at 162. Waylon Smith, the victim's nephew, testified to observing an individual "running out of the house, jumped into the car, had four guns, gun cases in their arms." T. at 180. The victim, Gregory Smith, testified he was missing four guns from underneath his bed, a muzzleloader (Thompson/Center Pro Hunter, 50-caliber stainless steel), a 12-gauge (an over-under Ducks Unlimited Smith & Wesson), a 12-gauge automatic (1952 High Back A-5 Browning), and a 12-gauge pump (Benelli Nova, synthetic stock, brand new, never shot). T. at 196-198. Three of the firearms were in soft cases, and one was in a hard case which was left behind. T. at 209. The firearms were underneath his bed because his gun safe "is in the basement and has a tendency to condensate down there, and these ones I did not want to have surface rust put on them, so I put them in cases and put them underneath the bed." T. at 198. These firearms were special to him and were valuable to him. *Id.* This was essentially the extent of the testimony related to the firearms.

{¶ 12} The guns in question were never recovered; therefore, they were not admitted into evidence. T. at 206. There was no testimony as to whether the firearms

were loaded or unloaded, or what the guns were used for or whether they had ever been fired (except for the Benelli which the victim stated had never been fired).  The victim could have possessed the firearms as "collector's item[s] or some other nonfunctional purpose."  *State v. Cosma,* 4th Dist. Washington No. 06CA21, 2007-Ohio-5561, ¶ 19.  "Further, while the names of the weapons were mentioned at trial, merely naming the weapons has been held to be insufficient to demonstrate operability."  *State v. Johnson,* 9th Dist. Lorain No. 14CA010688, 2016-Ohio-872, ¶ 13, citing *State v. Henry,* 4th Dist. Gallia No. 10CA20, 2012-Ohio-371, ¶ 18.  There was no evidence that appellant or anyone made any implicit or explicit threats with the firearms.  There was no circumstantial evidence to suggest the stolen firearms were operable or capable of readily being rendered operable.

{¶ 13} Even in viewing the evidence in a light most favorable to the prosecution, we find appellee failed to present sufficient evidence that the stolen firearms met the definition of "firearms" under R.C. 2923.11(B)(1).  As noted by appellant in his appellate brief at 8-9, citing *Henry, supra,* the appropriate remedy is to reduce the degree of the offense and remand the matter to the trial court for resentencing.

{¶ 14} Upon review, we find sufficient evidence was not presented to find appellant guilty of third-degree felony theft of a firearm.  Therefore, for Counts 2, 3, 4, and 5, the trial court is to enter convictions for misdemeanor petty theft under R.C. 2913.02(B)(2), and resentence appellant accordingly.

{¶ 15} The sole assignment of error is granted as to elevating the theft offenses to felonies of the third degree.

{¶ 16} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby reversed as to Counts 2, 3, 4, and 5, and the matter is remanded to said court for further proceedings as directed.

By Wise, Earle, J.

Hoffman, P.J. and

Delaney, J. concur.

EEW/db 426