[Cite as *State v. Gilliam*, 2012-Ohio-834.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee              :      C.A. CASE NO. 09CA0075

vs.                                    :      T.C. CASE NO. 09CR0267

GARY WAYNE GILLIAM                     :      Criminal Appeal from
                                        Common Pleas Court

    Defendant-Appellant             :

. . . . . . . .

**DECISION AND ENTRY**

Rendered on the 27th day of February, 2012.

. . . . . . . . .

**PER CURIAM:**

{¶ 1}   On March 19, 2009, Defendant Gary Wayne Gilliam, purchased a quantity of powdered cocaine from a police informant.  Defendant was immediately arrested by officers who had set up the controlled buy.  Defendant was convicted following a jury trial, of possessing cocaine in an amount equal to or exceeding one thousand grams, R.C. 2925.11(A), a first degree felony for which a maximum prison term is mandated.  R.C. 2925.11(C)(4)(f). The trial court sentenced Defendant to the maximum ten year prison term for a first degree felony.

{¶ 2}   On direct appeal, we reversed and vacated Defendant's conviction on a claim that it is against the manifest weight of the evidence because the evidence presented by the State failed to demonstrate that the weight of the cocaine inside the package Defendant

purchased, absent the package's wrappings which included duct tape, was equal to or exceeded one thousand grams. *State v. Gilliam*, 2nd Dist, Clark No. 09CA0075, 2011-Ohio-26 at ¶ 18-27. The reason for that finding is explained in our opinion. We remanded the case to the trial court for a new trial. *Id*., at ¶ 32.

{¶ 3} On June 22, 2011, Defendant filed an App.R. 26(B) application to reopen the direct appeal. Defendant argued that his appellate counsel performed deficiently by failing to raise on direct appeal the issue of sufficiency of the evidence concerning the weight of the cocaine Defendant purchased. We concluded that our previous finding on direct appeal likewise implicates the legal sufficiency of that evidence to prove a violation of R.C. 2925.11(A), (C)(4)(f), and that if successful Defendant could not be retried for that same offense. We found that Defendant's appellate counsel was deficient for failing to raise on direct appeal the issue of sufficiency of the evidence, and that Defendant was prejudiced as a result because there is a reasonable probability of success had appellate counsel argued the sufficiency of the evidence issue on appeal. We granted Defendant's application to reopen his appeal and appointed new counsel to brief the sufficiency of the evidence issue. Decision and Entry filed June 22, 2011.

{¶ 4} This matter is now before us on the merits of the sufficiency of the evidence issue.

{¶ 5} ASSIGNMENT OF ERROR

{¶ 6} "THE TRIAL COURT VIOLATED GARY WAYNE GILLIAM'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN, IN THE ABSENCE OF SUFFICIENT EVIDENCE, MR. GILLIAM WAS FOUND GUILTY OF POSSESSION OF COCAINE IN

AN AMOUNT EQUAL TO OR EXCEEDING ONE THOUSAND GRAMS. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."

{¶ 7}   Defendant argues that the evidence presented by the State is legally insufficient to prove that he possessed cocaine in an amount equal to or exceeding one thousand grams for the same reason this court concluded in Defendant's direct appeal that his conviction for that same offense was against the manifest weight of the evidence; the State failed to present evidence that established, beyond a reasonable doubt, that the weight of the cocaine itself inside the package Defendant purchased, absent the package's wrappings, was equal to or exceeded one thousand grams.   We agree.

{¶ 8}   A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law.   *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).   The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991):

{¶ 9} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶ 10} In Defendant's prior direct appeal, *State v. Gilliam*, 192 Ohio App.3d 145,

2011-Ohio-26, 948 N.E.2d 482, ¶ 21-25, (2d Dist.) we observed:

{¶ 11} R.C. 2925.11(A) states: "No person shall knowingly obtain, possess, or use a controlled substance." The degrees of the offense for a violation of R.C. 2925.11(A) when the controlled substance is cocaine are set out in R.C. 2925.11(C)(4). They range from a fifth-degree felony for the possession of cocaine in any amount, R.C. 2925.11(C)(4)(a), to a first-degree felony for possession of cocaine in an amount equal to or exceeding 1,000 grams, R.C. 2925.11(C)(4)(f). That latter section requires the court to impose the maximum term for a first-degree felony of ten years. R.C. 2929.14(A)(1).

{¶ 12} The police informant offered defendant his choice of two wrapped packages of a similar size containing cocaine. Defendant chose one of the two and paid the asking price. The police lab technician who verified that both packages contained powdered cocaine testified that together, the two wrapped packages weighed 2,375.20 grams. The technician did not testify concerning the weight of the package defendant purchased or the weight of the cocaine the package contained absent its wrappings.

{¶ 13} Agent Stiegelmeyer testified that he obtained the two wrapped packages of powdered cocaine from the Warren County Drug Task Force and that when he obtained the packages, each was weighed, and each package weighed in excess of 1,000 grams. From the record, it appears that the state's witnesses were reluctant to unwrap the package of drugs defendant purchased in order to determine the weight of the cocaine the package contained because it had been borrowed from another law-enforcement agency for purposes of the

controlled buy.

{¶ 14} Defendant argues that the jury lost its way when it relied on Agent Stiegelmeyer's testimony to conclude that the weight of the cocaine defendant purchased was equal to or in excess of 1,000 grams. Defendant contends that even were the two packages of equal weight, which would mean that each weighed 1,187.6 grams according to the lab technician's testimony, the weight of the wrappings of the package he purchased, which included duct tape, could permit the actual net weight of the cocaine in the package to be less than 1,000 grams.

{¶ 15} Defendant was convicted of a violation of R.C. 2925.11(A), in that he possessed cocaine in an amount equal to or exceeding 1,000 grams. R.C. 2925.11(C)(4)(f). To find defendant guilty of that degree of the offense beyond a reasonable doubt, the jury was required to find from the evidence that the amount of cocaine defendant possessed satisfied those weight requirements, not that the wrapped package containing the cocaine that defendant possessed satisfied those weight requirements.

{¶ 16} The State did not offer any evidence showing the unwrapped weight of the cocaine Defendant purchased.  Contrary to the State's arguments, evidence that the plan was for undercover police officers to sell Defendant one kilogram of powdered cocaine for $25,500 does nothing to demonstrate that   the weight of the cocaine Defendant purchased, as opposed to the weight of the wrapped package containing cocaine, was one thousand grams or more.   That remains a matter of speculation on this record.

{¶ 17} As we stated in our previous decision on direct appeal reversing Defendant's

conviction as being against the manifest weight of the evidence, the jury necessarily speculated to find that the weight of the cocaine inside the package Defendant purchased equaled or exceeded one thousand grams. *Gilliam*, at ¶ 25. Even viewing the evidence in a light most favorable to the State, as we must, we further conclude that a rational trier of facts could not find beyond a reasonable doubt that the weight of the cocaine Defendant purchased equaled or exceeded one thousand grams.

{¶ 18} App.R. 26(B)(9) states:

{¶ 19} If the court finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, the court shall vacate its prior judgment and enter the appropriate judgment. If the court does not so find, the court shall issue an order confirming its prior judgment.

{¶ 20} Defendant's appellate counsel was deficient for failing to argue that the evidence was insufficient to convict for a violation of R.C. 2925.11(A), and Defendant was prejudiced as a result. We therefore vacate our prior judgment finding that Defendant's conviction is against the manifest weight of the evidence, and we enter a new judgment finding that Defendant's conviction is both not supported by sufficient evidence and against the manifest weight of he evidence, the latter error being subsumed in the former.

{¶ 21} R.C. 2923.02(A) defines an attempt to commit an offense, and states:

{¶ 22} No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.

{¶ 23} R.C. 2923.02(E)(1) states that "[w]hoever violates this section is guilty of an attempt to commit an offense," and further provides that when the penalty for a drug abuse

offense is determined by the amount of the controlled substance involved, the penalty for an attempt to commit the offense is that "within the next lower range of controlled substance amounts that was involved in the attempt."

{¶ 24} A defendant may be found not guilty of an offense charged but guilty of an attempt to commit it if such an attempt is an offense at law. Crim.R. 31(C); R.C. 2945.74. An attempt to commit a charged offense is a lesser included offense of the charged offense for purposes of Crim.R. 31(C) and R.C. 2945.74. *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988). "It is not necessary for the prosecution or the trial court to formally charge a defendant with an attempt to commit an offense because an offense, properly charged, charges an attempt along with any lesser included offenses by implication." *State v. Russell*, 2d Dist. Montgomery Nos. 18155, 18194, 2000 WL 1547085, (Oct. 20, 2000), at p.5.

{¶ 25} The evidence presented at trial conclusively shows that Gilliam engaged in a transaction with undercover officers in an attempt to obtain possession of cocaine in an amount at least equal to one thousand grams. (Tr. 96-98, 161-168). Gilliam testified that the deal was that he would pay $25,500 for one kilogram, or one thousand grams, of cocaine. (Tr. 186). Gilliam then paid the agreed sum of money and took possession of what the jury could find, beyond a reasonable doubt, he reasonably believed was cocaine in the agreed amount.

{¶ 26} R.C. 2953.07 states that "[u]pon the hearing of an appeal . . ., the appellate court may affirm the judgment or reverse it, in whole or in part, or modify it, and order the accused to be discharged or grant a new trial." Crim.R. 33(A)(4) authorizes a new trial upon a finding that a conviction is not supported by sufficient evidence, but also that "[i]f the evidence shows that the defendant is not guilty of a degree of crime for which he was

convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified." R.C. 2945.79(D) likewise so provides, and further states that the power to modify the verdict "extends to any court to which the cause may be taken on appeal."

{¶ 27} The Supreme Court has held that the power "to modify a verdict [applies] if the evidence shows the defendant is not guilty of the degree of the crime for which he was convicted, but is guilty of a lesser included offense." *State v. Butler*, 11 Ohio St.2d 23, 36, 227 N.E.2d 627 (1967). An offense is a lesser included offense where all the elements of such offense are present with others in the offense charged in the indictment. *State v. Shoe*, 20 Ohio App.2d 344, 254 N.E.2d 382 (2d Dist. 1969).

{¶ 28} Defendant was convicted of possessing powdered cocaine in an amount that equaled or exceeded one thousand grams in violation of R.C. 2925.11(A), a first degree felony for which a maximum prison term of ten years is mandated. R.C. 2925.11(C)(4)(f). The next lower range of controlled substance amounts that was involved in Defendant's attempt is five hundred or more grams of powdered cocaine but less than one thousand grams, which is a felony of the first degree for which the penalty is one of the range of prison terms prescribed for a felony of the first degree by R.C. 2929.14(A)(1), imposed as a mandatory prison term. R.C. 2925.11(C)(4)(e). An attempt to violate R.C. 2425.11(A) is a lesser included offense of that section because the attempt carries a lesser penalty, the possession offenses cannot, as statutorily defined, ever be committed without an attempt to commit it, as statutorily defined, also being committed, and completed possession is not required to prove an attempt. *State v. Deem*.

{¶ 29} Pursuant to the authority conferred on us by R.C. 2945.79(D) and Crim.R. 33(A)(4), we modify the judgment of conviction from which this appeal is taken to find Defendant guilty of an attempt to possess cocaine in an amount equal to or exceeding one thousand grams, in violation of R.C. 2925.11(A) and 2923.02(A). As modified, the judgment is affirmed in part, but reversed, in part, with respect to the sentence the trial court imposed pursuant to R.C. 2925.11(C)(4)(f). That sentence is reversed and vacated, and the case is remanded to the trial court for the limited purpose of imposing sentence for the modified conviction pursuant to R.C. 2923.02(E)(1).

{¶ 30} So Ordered.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), it is ordered that the Clerk of the Clark County Court of Appeals shall immediately serve notice of this judgment upon all parties and make note in the docket of the mailing.

_____
**THOMAS J. GRADY, PRESIDING JUDGE**

_____
**MIKE FAIN, JUDGE**

_____
**MARY E. DONOVAN, JUDGE**

Copies mailed to:

Andrew Picek
Asst. Pros. Attorney
50 E. Columbia St., 4th Flr.
P.O. Box 1608
Springfield, OH 45501

Sarah G. LoPresti
Asst. State Public Defender
250 East Broad Street, Suite 1400
Columbus, OH 43215

Hon. Douglas M. Rastatter
101 N. Limestone Street
Springfield, OH 45502