[Cite as *State v. Evers*, 2012-Ohio-5942.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MERCER COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,           CASE NO. 10-12-02

      v.

TAMARA S. EVERS,           O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,           CASE NO. 10-12-03

      v.

TAMARA S. EVERS,           O P I N I O N

      DEFENDANT-APPELLANT.

Appeals from Mercer County Common Pleas Court
Trial Court Nos. 09CRM-095 and 09-CRM-110

Judgment Affirmed in Case No. 10-12-02, and Judgment
Reversed and Cause Remanded in Case No. 10-12-03

Date of Decision: December 17, 2012

Case Nos. 10-12-02, 10-12-03

**APPEARANCES:**

*Gregory D. Wilson and Eric J. Wilson* **for Appellant**

*Matthew K. Fox and Scott A. Longo* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Tamara Evers ("Evers") brings this appeal from the judgments of the Court of Common Pleas of Mercer County finding her guilty of perjury and sentencing her to three years in prison. She also appeals from the judgment of the Court of Common Pleas of Mercer County finding her guilty of involuntary manslaughter and sentencing her to eleven years in prison. For the reasons set forth below, the judgment in case number 10-12-02 is affirmed and the judgment in case number 10-12-03 is reversed.

{¶2} On July 8, 2008, the victim, T.S., a six month old infant, died following injuries to his head. During the ensuing investigation into the death, Evers was called to testify in a probate court hearing concerning the custody of the remaining children. Evers was asked if she knew how the injuries could have happened and she answered no. This was a lie. Evers was indicted on November 19, 2009, by the Mercer County Grand Jury on one count of perjury in violation of R. C. 2921.11(A), a felony of the third degree. This case was assigned case number 09-CRM-095. On December 17, 2009, the Mercer County Grand Jury

issued an eight count indictment against Evers. The indictment alleged that Evers had committed the following offenses: 1) Murder in violation of R.C. 2903.02(B), a felony of the first degree; 2) Felonious Assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; 3) Murder in violation of R.C. 2903.02(B), a felony of the first degree; 4) Endangering Children in violation of R.C. 29122(B)(1);(E)(2)(d), a felony of the second degree; 5) Involuntary Manslaughter in violation of R.C. 2903.04(A), a felony of the first degree; 6) Involuntary Manslaughter in violation of R.C. 2903.04(A), a felony of the first degree; 7) Involuntary Manslaughter in violation of R.C. 2903.04(A), a felony of the first degree; and 8) Endangering Children in violation of R.C. 2919.22; (E)(2)(c), a felony of the third degree. This case was assigned case number 09-CRM-110. Evers entered pleas of not guilty to all charges at the arraignment held on January 8, 2010.

{¶3} On December 27, 2010, the State filed a motion in limine to prevent the testimony of Evers' expert witness.[1] A hearing was held on the motion on February 7 and 8, 2011. On September 7, 2011, the trial court entered its judgment limiting the testimony of Evers' expert witness, but not excluding it.

{¶4} On September 27, 2011, the State and Evers entered into a negotiated plea agreement in both cases. In case no. 09-CRM-095, Evers agreed to enter a

---

[1] The State filed a motion to consolidate the cases on December 27, 2010. This motion was never formally ruled upon, though the filings of the motion was made in both cases.

plea of guilty to the offense of perjury as prohibited by R.C. 2921.11(A), a felony of the third degree. The State offered no concessions in this case. In case no. 09-CRM-110, Evers agreed to enter an Alford Plea[2] to count six of the indictment, one count of involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree. In exchange, the State agreed to dismiss the remaining counts of the indictment. Evers also retained the right to present the testimony of expert witnesses during sentencing. The trial court accepted the guilty pleas and set the sentencing hearing for a future date. The sentencing hearing was held on December 20, 2011. The trial court sentenced Evers to the maximum sentence of three years in prison in case no. 09-CRM-095. The trial court then sentenced Evers to a maximum sentence of eleven years in prison in case no. 09-CRM-110. This sentence was ordered to be served consecutively to the sentence in case no. 09-CRM-095 for a total prison term of fourteen years in prison. Evers appeals from this sentence and raises the following assignment of error.

> **The trial court erred in imposing the maximum sentence for involuntary manslaughter and ordering that the sentence for perjury and involuntary manslaughter be served consecutively.**

Case no. 09-CRM-095 was assigned appellate no. 10-12-02. Case no. 09-CRM-110 was assigned appellate no. 10-12-03. The cases were consolidated for review by this court.

---

[2] *North Carolina v. Alford* (1970), 400 U.S. 25, 91, S.Ct. 160, 27 L.Ed.2d 162. An *Alford* guilty plea allows the defendant to enter a guilty plea, yet maintain his/her innocence. There must be strong evidence of guilt before the plea may be accepted. *Id.* at 37-38.

**Case No. 10-12-02**

{¶5} This court notes that the sentence in case no. 10-12-02 for perjury was the initial sentence and as such was not ordered to be served consecutive to anything. Evers does not assign any error to the sentence in this case. Therefore, there is no error for this court to review as to case no. 10-12-02. The judgment sentencing Evers to three years in prison in case no. 10-12-02 is affirmed.

**Case No. 10-12-03**

{¶6} As to case no. 10-12-03, Evers claims that the trial court erred in imposing the maximum and consecutive sentences for the offense. This court sua sponte finds an issue with the length of the sentence imposed. Here, the trial court sentenced Evers after the effective date of the current version of R.C. 2929.14. The trial court imposed the new sentencing terms at the time of sentencing and imposed a maximum sentence of eleven years. However, at the time the offense occurred, the maximum possible sentence for the offense charged was ten years in prison. The provisions of Section 4 of HB 86 specify that the amendments to R.C. 2929.14(A) "apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section AND to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." §4, HB 86 (emphasis added). "If the penalty, forfeiture, or

punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." R.C. 1.58(B). In this case, the maximum sentence under the prior version of R.C. 2929.14(A) for the offense charged was ten years in prison. Under the current version, the maximum sentence is eleven years in prison. This is an increase in penalty, not a reduction. Thus, pursuant to R.C. 1.58 and HB 86, the current version of R.C. 2929.14(A) does not apply in this case. The trial court should have used the prior version of R.C. 2929.14(A) when sentencing Evers. Since the trial court used the wrong version of the statute when imposing a sentence, the sentence is contrary to law. This court need not address the issues raised in the assignment of error because Evers must be resentenced. The assignment of error is sustained as to case no. 10-12-03.

{¶7} The judgment of the Court of Common Pleas of Mercer County in appellate case no. 10-12-02 is affirmed. The judgment of the Court of Common Pleas of Mercer County in appellate case no. 10-12-03 is reversed and the matter remanded for further proceedings.

*Judgment Affirmed in Case No. 10-12-02,*
*and Judgment Reversed and Remanded*
*in Case No. 10-12-03*

**PRESTON and ROGERS, J.J., concur.**
**/jlr**