[Cite as *State v. Gilliam*, 2013-Ohio-3648.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :            C.A. CASE NO.    2012 CA 77

v.                                               :            T.C. NO.    09CR267

GARY GILLIAM                                     :             (Criminal appeal from
                                                  Common Pleas Court)

    Defendant-Appellant                      :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___23rd___ day of _____August_____, 2013.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, P. O. Box 291771, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  Defendant-appellant Gary Gilliam appeals his conviction and sentence for one count of attempting to possess cocaine in amount equal to or exceeding one thousand grams, in violation of R.C. 2925.11(A) and 2923.02(A).  Specifically, Gilliam argues that

the ten-year sentence imposed by the trial court was contrary to law and abuse of discretion. Gilliam filed timely notice of appeal with this Court October 30, 2012.

{¶ 2}    On March 19, 2009, Gilliam purchased a quantity of powder cocaine from a police informant.   Gilliam was promptly arrested by officers who had set up the controlled buy.   On July 22, 2009, Gilliam was convicted following a jury trial of possession of cocaine in an amount equal to or exceeding one thousand grams, R.C. 2925.11(A), which is a first degree felony for which a ten-year prison term is mandated. R.C. 2925.11(C)(4)(f). Gilliam was sentenced pursuant to law to the mandatory prison term of ten years and additional financial sanctions.

{¶ 3}    Gilliam appealed his conviction and sentence.   In *State v. Gilliam*, 192 Ohio App.3d 145, 2011-Ohio-26, 948 N.E.2d 482 (2d Dist.) (hereinafter "*Gilliam I*"), issued on January 7, 2011, we reversed Gilliam's conviction for possession of cocaine in amount equal to or exceeding one thousand grams, finding that the conviction was not supported by the manifest weight of the evidence.   We remanded the case for a new trial. *Id*.   On April 5, 2011, Gilliam filed a motion to reopen his direct appeal, which we granted June 22, 2011. After briefs were filed by the parties and oral arguments were held, we issued a decision on February 27, 2012, wherein we modified Gilliam's conviction and found him guilty of attempting to possess cocaine in amount equal to or exceeding one thousand grams. *State v. Gilliam*, 2d Dist. Clark No.  09CA0075, 2012-Ohio-834 (hereinafter "*Gilliam II*").   We remanded the case to the trial court for the imposition of sentence with respect to the modified charge. *Id*.   At his sentencing hearing held on October 1, 2012, the trial court sentenced Gilliam to ten years in prison and ordered him to pay a fine of $20,000.00.

{¶ 4} It is from this judgment that Gilliam now appeals.

{¶ 5} Gilliam's sole assignment of error is as follows:

{¶ 6} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT GILLIAM TO A TEN YEAR PRISON SENTENCE AS THE SENTENCE IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND AN ABUSE OF THE TRIAL COURT'S DISCRETION."

{¶ 7} In his sole assignment, Gilliam contends that the trial court erred when it sentenced him to ten years in prison for attempting to possess cocaine in amount equal to or exceeding one thousand grams. Specifically, Gilliam argues that the ten-year sentence imposed by the trial court was contrary to law and abuse of discretion.

{¶ 8} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A).

{¶ 9} "[I]n *State v. Barker,* Montgomery App. No. 22779, 2009-Ohio-3511, at ¶ 36-37, we stated:

"'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, * * * 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, * * * 2006-Ohio-855, at ¶ 37.'" *State v. Ulrich*, 2d Dist. Montgomery No. 23737, 2011-Ohio-758, at ¶ 20-21. "[E]ven if there is no

specific mention of [R.C. 2929.11 and R.C. 2929.12], 'it is presumed that the trial court gave proper consideration to those statutes.'" *State v. Hall*, 2d Dist. Clark No. 10-CA-23, 2011-Ohio-635, ¶ 51.

"'When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, * * * , 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. Id.'" *Ulrich*, at ¶ 22.

*State v. Bailey*, 2d Dist. Clark No. 2011-CA-40, 2012-Ohio-1569, ¶s 12-14.

{¶ 10} "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. 'However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12.' *Id*." *State v. Eicholtz*, 2d Dist. Clark No. 2012 CA 7, 2013-Ohio-302, ¶ 53.

{¶ 11} "'[I]n the felony sentencing context, "[a]n abuse of discretion can be found if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and 2929.12.'" *State v. Jordan*, Columbiana App. No. 09 CO 31, 2010-Ohio-3456, ¶ 12 (internal citation omitted)." *State v. Saunders*, 2d Dist. Greene No. 2009 CA 82, 2011-Ohio-391, at

¶ 15.

{¶ 12}  As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable.  (Internal citation omitted).  It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision.  It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.  *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 13}  In *Gilliam II*, we modified the appellant's conviction from possession to an attempt to possess cocaine in an amount equal to or exceeding one thousand grams, in violation of R.C. 2925.11(A) and 2923.02(A).  R.C. 2923.02(A) defines an attempt to commit an offense, and states:

No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.

{¶ 14}  R.C. 2923.02(E)(1) states that "[w]hoever violates this section is guilty of an attempt to commit an offense," and further provides that when the penalty for a drug abuse

offense is determined by the amount of the controlled substance involved, the penalty for an attempt to commit the offense is that "within the next lower range of controlled substance amounts that was involved in the attempt."

{¶ 15} Accordingly, the trial court sentenced Gilliam pursuant to R.C. 2925.11(C)(4)(e) which is "the next lower range of controlled substance amounts that was involved in the attempt." R.C. 2925.11(C)(4)(e) states in pertinent part:

(4) If the drug involved in the violation is cocaine ***, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:

(e) If the amount of the drug equals or exceeds five hundred grams but is less than one thousand grams cocaine ***, possession of cocaine *is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.*

{¶ 16} We initially note that Gilliam's ten-year sentence, while at the top of the range for the offense of attempting to possess cocaine in amount equal to or exceeding one thousand grams, is clearly within the statutory range for a first degree felony, with three years being the minimum mandatory sentence and ten years being the maximum sentence authorized by law, pursuant to the version of R.C. 2929.14(A)(1) in effect when Gilliam was sentenced.[1] While the sentencing court did not make specific mention of the factors in R.C.

---

[1]Although Gilliam was sentenced after the effective date of H.B. 86, the statute is of no benefit to him because the maximum sentence for a first degree felony actually increased from ten years to eleven years. Thus, the application of R.C. 1.58(B) would not serve to aid Gilliam in this instance.

2929.11 and 2929.12 at the sentencing hearing, the judgment entry indicates that the trial court considered the principles and purposes of sentencing as required by statute. Simply put, Gilliam's sentence is not contrary to law.

{¶ 17} We further conclude that an abuse of discretion is not demonstrated. We note that although Gilliam asserts that the trial court abused its discretion when it sentenced him to ten years in prison, he fails to provide any support for this assertion in his brief. Nevertheless, before imposing sentence, the trial court noted that it had reviewed the State's sentencing memorandum. Moreover, the trial judge presided over Gilliam's trial and heard evidence that Gilliam intended to purchase more cocaine from the undercover police officers after the initial buy since he indicated that in the future he would purchase two kilos, rather than just one. This evidence establishes that Gilliam was likely to reoffend. The State also pointed out that Gilliam had been convicted of misdemeanor marijuana possession and breaking and entering in 1974. In 1975, Gilliam was arrested for carrying a concealed weapon, but the disposition of the case was not established. Gilliam was arrested for felonious assault in 1980, but again, the disposition of the case was unknown. In 1997, the State established that Gilliam was convicted of safecracking (a felony of the third degree), possession of criminal tools (a felony of the fourth degree), and breaking and entering (a felony of the fourth degree). In 2007, Gilliam was charged with illegal cultivation of drugs for growing marijuana in his back yard but was ultimately convicted of a minor misdemeanor. The State also pointed out that Gilliam never took responsibility for his crime after being convicted. At trial, Gilliam claimed that he was entrapped by the undercover police officers to purchase the cocaine. In light of the foregoing, it was clearly

within the discretion of the trial court to sentence Gilliam to the maximum sentence, and the sentence is not contrary to law.

{¶ 18}   Gilliam's sole assignment of error is overruled.

{¶ 19}   Gilliam's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.

Copies mailed to:

Lisa M. Fannin
J. David Turner
Hon. Douglas M. Rastatter