[Cite as *State v. Townes*, 2015-Ohio-4374.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102425**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## DAMON TOWNS

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-576531-F

**BEFORE:** E.A. Gallagher, J., Jones, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** October 22, 2015

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Daniel T. Van
Assistant County Prosecutor
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

R. Brian Moriarty
55 Public Square, 21st Floor
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶1} The state of Ohio appeals the sentence imposed on defendant-appellee Damon Towns in the Cuyahoga County Court of Common Pleas. The state argues that the trial court erred by imposing a sentence pursuant to Am.Sub.H.B. 86 upon Towns because his offense was committed prior to July 1, 1996. Towns agrees that the trial court erred in applying H.B. 86 but under different reasoning. For the following reasons, we affirm.

{¶2} On July 25, 2013, Towns was indicted for rape, kidnapping and six counts of complicity to commit rape[1] listing the date of Towns' offenses as July 26, 1993 and the victim as less than 13 years of age. Pursuant to a plea agreement, the charge of rape was amended to sexual battery in violation of R.C. 2907.03(A)(1). The trial court explained that pursuant to the law as it stood at the time of the offense in 1993, the amended charge was a felony of the third degree, and Towns faced a possible prison sentence of one year, one and one-half years, or two years. After being so advised, Towns entered a guilty plea to the amended count and the remaining counts were nolled.

{¶3} At sentencing, the trial court stated that it was constrained to sentence Towns under H.B. 86 pursuant to this court's decision in *State v. Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137. The trial court reiterated that the law applicable to Towns' offense, as it stood in 1993, called for a prison term of one, one and one-half, or

---

[1] Terry Frost, Gene Turner, Willie H. Clark, Jason Burton, Keith Brown, and Anthony J. Hall were named as codefendants on each count in the indictment.

two years but that pursuant to H.B. 86 the prison range had increased to two-to- five years. The trial court, however, noted that under federal constitutional law, Towns' sentence could not be increased beyond the two year maximum available in 1993. The trial court concluded that it was constrained by our decision in *Jackson* to sentence Towns according to the range established for the offense by H.B. 86 but that it could not go beyond a two-year sentence for constitutional reasons. The trial court further stated that despite our holding in *Jackson*, it was precluded by federal authority from imposing postrelease control. Therefore, the trial court imposed a prison term of two years. The state appeals.

{¶4} The state asserts in its sole assignment of error that the trial court erred in imposing sentence pursuant to H.B. 86 because Towns' offense was committed prior to July 1, 1996. The state's argument is that Section 5 of S.B. 2 establishes that offenses committed prior to that date shall be sentenced according to the law in effect at the time of the offense. The state maintains that this provision of S.B. 2 survived the enactment of H.B. 86; however, the state concedes that this argument was rejected by this court in *Jackson*.

{¶5} We decline the state's invitation to overrule our decision in *Jackson* and note that the Ohio Supreme Court declined to accept for review an appeal of *Jackson* on May 20, 2015. *State v. Jackson*, 142 Ohio St.3d 1465, 2015-Ohio-1896, 30 N.E.3d 974.

{¶6} We note, however, that Towns agrees with the state's position that the trial court erred in sentencing him pursuant to H.B. 86 but offers a different rationale not

addressed in our decision in *Jackson*. Towns argues that, unlike the situation presented in *Jackson*, the penalties for his offense increased from what they were at the time of the offense to where they exist presently following the enactment of H.B. 86. The trial court acknowledged the same at sentencing.

{¶7} At the time of Towns' offense in 1993, a sexual battery in violation of R.C. 2907.03(A)(1) constituted a felony of the third degree. *See* R.C. 2907.03(B). The trial court found that if it were to sentence Towns pursuant to the law as it existed in 1993, the available prison terms would be one, one and one-half or two years. This is consistent with R.C. 2929.11(D)(1), which in 1993 provided such definite sentencing options for an offender who pleads guilty to a third degree felony, and did not cause physical harm or make an actual threat of physical harm with a deadly weapon during the commission of the offense, and had not been previously convicted of an offense of violence.[2]

{¶8} Under R.C. 2929.03 as it presently exists, sexual battery where the victim is less than 13 years of age is a felony of the *second* degree. If Towns was sentenced under the law as it exists post-H.B. 86, the trial court would have been constrained to sentence him for a second degree felony under modern R.C. 2929.14(A)(2), which provides for a prison term of two, three, four, five, six, seven, or eight years. *Id.*

---

[2] Consistent with the position of the trial court at sentencing, we note that in 1993 R.C. 2929.11(G) specified that no person shall be sentenced to an indefinite term of imprisonment for a third degree felony pursuant to R.C.2929.11(B)(6) unless the indictment charging him with the offense contained a specification pursuant to R.C. 2941.143 that during the commission of the offense, the offender caused physical harm or made an actual threat of physical harm with a deadly weapon or had previously been convicted of an offense of violence. No such specification exists in this case.

{**¶9**} Towns argues that it was an error for the trial court to sentence him under the modern post-H.B. 86 statutory scheme because the penalties had increased for his offense from the date of commission. Indeed, the degree of felony Towns faced has increased as well. Towns argues that our decision in *Jackson* is inapplicable where the legislature has increased the available penalties for an offense. We agree.

{**¶10**} *Jackson's* holding that the prison terms outlined in R.C. 2929.14(A) as amended by H.B. 86 is predicated upon Section 4 of H.B. 86 which states that the amendments apply "to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." *Jackson,* 142 Ohio St.3d 1465 2015-Ohio-1896, 30 N.E.3d 974, at ¶ 34.

R.C. 1.58(B) states:

If the penalty, forfeiture, or punishment for any offense *is reduced by* a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

*Id*. (Emphasis added).

{**¶11**} Towns argues that R.C. 1.58(B) is inapplicable in his situation because the penalties for his offense have increased. Again, we agree. By its own terms, R.C. 1.58(B) is inapplicable in this instance because the penalty has been increased by the legislature since his commission of the offense. If Towns were to be sentenced under the current law with the higher degree of felony and increased range of penalties, his sentence would violate ex post facto principles. *State v. Kaplowitz*, 100 Ohio St.3d 205, 2003-Ohio-5602, 797 N.E.2d 977, ¶ 26. This conclusion is consistent with both our own

past authority and that of other appellate districts that have considered the issue. *State v. Frett*, 8th Dist. Cuyahoga No. 97538, 2012-Ohio-3363, ¶ 17; *State v. Zeune*, 10th Dist. Franklin No. 12AP-198, 2012-Ohio-5476, ¶ 7; *State v. Evers*, 3d Dist. Mercer Nos. 10-12-02 and 10-12-03, 2012-Ohio-5942, ¶ 6; *State v. Gilliam*, 2d Dist. Clark No. 2012 CA 77, 2013-Ohio-3648, fn 1.

{¶12} Furthermore, unlike the offense at issue in *Jackson*, Section 4 of H.B. 86 does not list a violation of R.C. 2907.03 as one of the offenses to which R.C. 1.58(B) specifically applies. This is because H.B. 86 did not amend R.C. 2907.03, rather R.C. 2907.03 was amended in 2005 H.B. 95 to increase the degree of the offense from a third to a second degree felony where the victim of the sexual battery is less than 13 years of age.

{¶13} However, the harm complained of by Towns did not, in fact, come to fruition in this instance. Although Towns is correct that under H.B. 86 and the present state of the R.C. 2907.03(B), his offense would be elevated to a felony of the second degree and subject to a prison term ranging from two to eight years under R.C. 2929.14(A)(2), the record reflects that the trial court did not apply that section of the statute at sentencing.

{¶14} Although the trial court indicated that it felt it was constrained to apply H.B. 86 sentencing provisions pursuant to *Jackson*, the record reflects that the court did not elevate Towns' offense from a third degree felony to a second degree felony. More importantly, the trial court sentenced Towns pursuant to the range of sentences provided

for a third degree felony in R.C. 2929.14(A)(3)(a).  This is important because that section provides for prison terms of 12, 18, 24, 30, 36, 42, 48, 54, or 60 months. Because the trial court constrained its consideration of sentences to a maximum of two years in light of ex post facto concerns the range of sentences actually considered: 12, 18 or 24 months directly matched the range of available sentences the court would have considered had it applied the sentencing law as it existed in 1993.

{¶15} We find no error in this instance. Appellant's sole assignment of error is overruled.

{¶16}   The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES SR., P.J., and
ANITA LASTER MAYS, J., CONCUR